IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-03362-WYD-MEH

TERRY A STOUT, an individual,

      Plaintiff,

v.

GYRODATA, INC., a Texas corporation,

      Defendant.

---

### ORDER OF REMAND

---

THIS MATTER comes before the Court in connection with Defendant's Notice of Removal filed December 23, 2011 (ECF No. 1).  Defendant asserts therein that removal of the state court action to this Court is appropriate on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction pursuant to 28 U.S.C. § 1331.  After carefully reviewing the Notice of Removal and the Complaint, I find that removal was improper and that this case must be remanded to state court.

I first find that Defendant failed to show that the amount in controversy is satisfied for purposes of diversity jurisdiction.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying

facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'"
*Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy
must be affirmatively established on the face of either the petition or notice of removal.
*Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In this case, Defendant acknowledges that Plaintiff does not allege the specific
dollar amount he is seeking in the Complaint, as he cannot pursuant to C.R.C.P. 8(a).
(Notice of Removal ¶ 3.)  Instead, the Complaint alleges that Defendant wrongfully
terminated Plaintiff's employment and asserts claims of wrongful discharge in violation
of public policy (whistleblower), breach of implied contract, promissory estoppel and
breach of the covenant of good faith and fair dealing.  As damages, the Complaint
seeks "am amount sufficient to compensate for economic damages,. . . consequential
damages, . . . including all special damages, any relevant statutory damages, [and]
exemplary or punitive damages" in an amount to be proven at trial.

Since the Complaint does not specify the amount of damages sought, I turn to
the Notice of Removal.  Defendant asserts in the Notice of Removal that because
Plaintiff's salary was over $75,000 at the time of his separation, the amount in
controversy would be in excess of $100,000.  No further facts are stated in support of
that statement.  Defendant's statement asks the Court to assume that Plaintiff was out
of work after being terminated for over one year and that he is seeking compensation
for these damages.  I cannot make such an assumption as there are no facts that
support it.  Further, while the Complaint seeks attorney's fees and exemplary damages,
it is still impossible to determine that the overall damages would exceed $100,000.00
from the face of the Notice of Removal and the Complaint.

In short, I find that Defendant failed in its burden to present facts sufficient to show that the amount in controversy exceeds $75,000.  As noted by the Tenth Circuit, "[w]hen, as here, the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Martin*, 251 F.3d at 1290.  More precisely, "the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis in original). Here, Defendant has failed to present such jurisdictional facts, or provide any detail as to how the fact that Plaintiff's salary was over $75,000 at the time of the separation translates into a possible award of damages over that amount.  *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999).  My finding is supported by the fact that "[w]here a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.'" *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).

Defendant also references the District Court Civil Case Cover Sheet filed in state court which represents that Plaintiff is "seeking a monetary judgment for more than $100,000" (Notice of Removal at 2 n. 1 and Ex. E).  However, I find that is not sufficient to establish that the jurisdictional amount is satisfied.  The majority of cases from this Court hold that reliance solely on the state court civil cover sheet to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See TIC-The Indus. Co. v. Liberty Mut. Ins. Co.*, No. 09-cv-00402-JLK-KMT, 2009 WL 535815, at

*1 (D. Colo. 2009); *Asbury v. American Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1 (D. Colo. 2009); *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534, at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007).  As Judge Krieger noted in a detailed analysis of the issue, the Colorado civil cover sheet is neither a pleading nor an exhibit and does not constitute reliable evidence of the amount in controversy.  *Baker*, 557 F. Supp. 2d at 1215.  Further, she found that the civil cover sheet is too imprecise to make the required demonstration of the amount in controversy.  *Id.*  I agree with this analysis.

Finally, Defendant asserts that the Complaint establishes that Plaintiff's right to relief depends on resolution of a substantial question of federal law and that jurisdiction exists under 28 U.S.C. § 1331.  Defendant relies on the Complaint's allegation that Defendant violated federal workplace safety laws and OSHA safety regulations.  I reject this argument.

As noted by the Tenth Circuit, "[a] case that is filed in state court may be removed from state to federal court at the election of the defendant, but only if it is one 'of which the district courts of the United States have original jurisdiction,' which is to say if federal subject-matter jurisdiction would exist over the claim."  *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (quoting 28 U.S.C. § 1441(a)).  In this case, the Complaint contains only state law claims.  While federal safety laws are referenced in the Complaint, they are referenced only in regard to Plaintiff's state law

whistleblower claim asserting that Plaintiff was wrongfully terminated in violation of public policy. That is not a claim over which this Court would have original jurisdiction.

Further, the Tenth Circuit has made clear that, "[g]enerally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction." *Hansen*, 641 F.3d at 1220 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, Plaintiff chose to plead only state law claims and not federal employment claims. This also supports my finding that removal to this Court is improper.

Defendant argues, however, that federal question jurisdiction exists because the claim for wrongful discharge in violation of public policy necessarily depends on resolution of a substantial question of federal law. I acknowledge that the Supreme Court in *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983) held that "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes *either* that federal law creates the cause of action *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of law." (emphasis added). I rejected the first alternative above. I also find that Plaintiff's Complaint does not necessarily depend on resolution of a substantial question of law.

This issue was addressed by the Sixth Circuit in *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544 (6th Cir. 2006). In that case, as here, the plaintiff asserted a state law claim (under Ohio law) for wrongful discharge in violation of public policy, citing to federal statutes as the source of the public policy. The *Eastman* Court held that "the

plaintiff's state-law employment claim alleging wrongful discharge in violation of federal

public policy does not raise a substantial federal question over which federal courts may

exercise original or removal jurisdiction." *Id.* at 553.

As grounds for its decision, the *Eastman* court noted that accepting such cases

would be "[in]consistent with congressional judgment about the sound division of labor

between state and federal courts governing the application of § 1331." 438 F.3d at 546

(quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 125

S.Ct. 2363, 2367, 162 L.Ed.2d 257 (2005)). While the court recognized that "[f]ederal

legislation has provided access to the federal courts by aggrieved employees under

specifically delineated circumstances," it stated that "the bulk of the judicial business in

the United States in this area is conducted by the state courts." *Id.* at 553. It then found

that "[t]his balance would be upset drastically if state public policy claims could be

converted into federal actions by the simple expedient of referencing federal law as the

source of that public policy." *Id.* The Sixth Circuit also noted that "[a] 'substantial'

federal question involves the interpretation of a federal statute that actually is in dispute

in the litigation . . .", *id.* at 552 (quotation omitted), and found that "the meaning of the

two statutes cited by the plaintiff" was "not in serious dispute" in the case. *Id.*; *see also*

*Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir. 1997); *Varco v. Tyco*

*Electronics Corp.*, RDB 08-1215, 2009 WL 728571, at *7 (D. Md. March 16, 2009).

I agree with the reasoning of *Eastman* as well as the other cases cited above.

Accordingly, I find that the state law claim of wrongful discharge in violation of public

policy that alleges federal safety laws as the basis of the public policy does not does not

raise a substantial federal question over which this Court may exercise original or removal jurisdiction.

In conclusion, I find that this case was improperly removed to this Court and that the Court lacks subject matter jurisdiction over this action.  Guided by the strong presumption against removal of civil actions to federal court, I find that this case must be remanded to the State Court.  *See* 28 U.S.C. § 1447(c).  It is therefore

-      ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, City and County of Denver, State of Colorado, from which this case was removed.

Dated:  January 9, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge